OPINION OF THE COURT
John V. Aylward, J.
This proceeding is a suppression hearing held on November *912 10, 1977 to suppress the marihuana seized without a warrant by a Deputy Sheriff from defendants’ private property, namely, their garden, as well as to suppress oral admissions made by the defendant Robert Fillhart.
FINDINGS OF FACT
The court makes the following findings of fact:
That on August 18, 1977 as a result of information received from an uncle of defendant Robert Fillhart, that defendant Robert Fillhart was growing marihuana on his property, rural land in the Town of Lorraine, Detective Cecil Hinckley of the Jefferson County Sheriff’s Department, stopped his car on the public highway and stood on a stone fence in poor condition, about two to three feet high and adjacent to the road in the public right of way. He saw a garden with corn growing and another plant which was not identifiable. From that same position the house was not visible since it was in an enclosed wooded area not immediately adjacent to the garden. The garden with the corn and marihuana was in an open field. The exhibit demonstrates plainly that the defendants’ garden is not within the definition of curtilage. The garden was not enclosed and was about 125 yards from the road and visible therefrom. The Fillhart residence was not visible to ordinary traffic on the highway. The distance from the house to the garden was 50 to 75 yards.
That Robert Fillhart came out of his house onto the public highway and immediately questioned the detective saying, "Hey, what are you doing — what do you want — you’re going to take my pot aren’t you?” That as a result of the admission, the detective drove into the Fillhart driveway in spite of the protestation of defendant that he did not have a search warrant. From a point inside the driveway the detective readily observed and identified cannabis plants growing in the garden adjacent to the corn. The detective seized the plants by uprooting them and removing them to the Sheriff’s office. The aggregate weight of the entire plants inclusive of the stalks was approximately 41 pounds.
That defendant’s admission was spontaneously made and not while in police custody.
That the possession of marihuana seized was intended for the personal use of the defendants.
*913 OPINION
There are three issues for this court to decide, namely, does the protection of the Fourth Amendment extend to the growing of marihuana on one’s private property in an open field, and secondly, is it unconstitutional for the New York State Legislature to prohibit the growing, possession and use of marihuana in any amount, so long as it is used for the grower’s personal use, and thirdly, should the oral admission of the defendant be suppressed.
It appears that the Fourth Amendment, while it protects individuals with respect to unlawful searches of their "persons, houses, papers, and effects” when they are held in a private manner, it does not extend such protection to the individual when he grows a prohibited product in an open field. Even if the prohibited product was within his house he must recognize that it still may be seized, so long as the police officer had probable cause to request a search warrant from a Magistrate. To grow such a prohibited product in an "open field” constitutes a waiver of any privacy which anyone might expect to be constitutionally guaranteed by the Fourth Amendment, and to do so, is to invite confiscation without a warrant. (See Hester v United States, 265 US 57; People v La Rosa, 25 AD2d 587.)
With respect to the constitutionality of the Marihuana Reform Act of 1977 (L 1977, ch 360), the New York State Legislature has classified marihuana as a controlled substance and has made it a misdemeanor to possess it in an amount in excess of 25 grams, which is slightly less than one ounce, and has made it a felony to possess it in excess of eight ounces.
Sections 3302, 3304, and 3306 of the Public Health Law and article 221 of the Penal Law have classified marihuana as a controlled substance and have prohibited the manufacture, use and possession of it, as well as its cultivation.
The Legislature in adopting the Marihuana Reform Act of 1977 has established new criteria ranging from the decriminalization of the simple possession of small amounts of marihuana, i.e., less than 25 grams, which has become a "violation”, to the possession of amounts in excess of 10 pounds which has become a class C felony. The sale of any amount is a crime. These defendants are charged with possessing 41 pounds of marihuana, i.e., criminal possession of marihuana in the first degree (Penal Law, § 221.30).
*914 The manufacture, use and possession of any controlled substance which affects the behavior, mood and judgment of persons is a legitimate area of concern over which the Legislature has the power to regulate. The reasons supporting the constitutionality of statutes regulating drugs and mandatory sentencing structure have been adequately stated in People v Broadie (37 NY2d 100).
The rationale in Broadie has been reaffirmed within the past few weeks in this court when a 17-year-old, who had pleaded guilty to the class E felony of attempted burglary, third degree, was asked to express in his own words the reason for his crime. The youth replied that he burglarized and stole a shotgun so that he could trade it for "pot”. It also developed that in addition to being a "pot” user, he also tried "acid” and "speed”. The effects of these drugs upon the youth were plainly visible.
The argument that the effects from the use of marihuana are not significantly different from the effects of alcohol and that since the possession and use of alcohol is permitted therefor the use of marihuana should be constitutionally protected. Such an argument is not only not persuasive, but also is erroneous. A review of the Eighteenth Amendment (Prohibition) and the Twenty-First Amendment (Repeal of Prohibition) reveals that section 2 of the Twenty-First Amendment Federally prohibits the transportation of intoxicating liquors into those States which prohibit the use of alcohol therein. Should the New York State Legislature desire to control the use of alcohol, it has the power to do so as well as the power to control marihuana. The matter is in the legislative domain rather than the judicial domain.
In addition to the presumption of the constitutionality of a statute of the New York State Legislature, there is an adequate foundation to hold that the Marihuana Reform Act of 1977 is constitutional.
CONCLUSIONS OF LAW
1. That Detective Hinckley had probable cause to enter the property and the marihuana seized by him will not be suppressed.
2. That the Marihuana Reform Act of 1977 is constitutional.
3. That the oral admission of the defendant Robert Fillhart *915 on August 18, 1977 to Detective Hinckley will not be suppressed.
Defendants’ motion is denied in all respects.