■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ABBOTT and SHARON JENKINS, Appellants. — Appeals (1) from a judgment of the County Court of Chenango County (Ingraham, J.), rendered June 14, 1982,

convicting defendant Raymond Abbott upon his plea of guilty of the crime of criminal possession of marihuana in the third degree, and (2) from a judgment of the same court, rendered June 14, 1982, convicting defendant Sharon Jenkins upon her plea of guilty of the crime of criminal possession of marihuana in the fourth degree. Acting upon information received from a confidential informant to the effect that marihuana was growing in a certain field in Chenango County, Investigator Robert Courtright of the New York State Police flew over the field in a helicopter on September 14, 1981. In the course of his flight over the area, which the People conceded was at an altitude of less than 100 feet and which defendants assert was at an altitude of 25 feet, Officer Courtright allegedly observed 30 to 50 marihuana plants growing in a field adjacent to a residence shared by defendants. Based upon these observations, he obtained a warrant to search the premises, and a subsequent search resulted in the seizure of a quantity of marihuana. As a result, defendants were each indicted by a Chenango County Grand Jury for the crimes of criminal possession of marihuana in the first, second and third degrees (Penal Law, §§ 221.30, 221.25, 221.20 [*]). By omnibus motion defendants later moved for, *inter alia,* suppression of the seized marihuana upon the ground that the helicopter surveillance constituted an unreasonable search in violation of defendants' rights under the Fourth Amendment to the United States Constitution. The court denied their motion without conducting a hearing, however, after concluding that their "growing of the contraband in plain sight in a field away from the residence evinced no expectation of privacy" and that "the cloak of the Fourth Amendment cannot protect Defendants". Defendant Abbott then pleaded guilty of criminal possession of marihuana in the third degree (Penal Law, § 221.20); and defendant Jenkins pleaded guilty of criminal possession of marihuana in the fourth degree (Penal Law, § 221.15). In entering their respective pleas they each preserved the right to bring appeals with regard to the disputed suppression issue. As a consequence, the present appeals were subsequently instituted, and presented therein for our determination is one central question, to wit: did the warrantless helicopter search of defendants' property constitute an unreasonable search in violation of defendants' Fourth Amendment rights so as to require that the inculpatory evidence later seized at defendants' premises be suppressed? This is a case of first impression in New York, and basically, what this court must decide is whether defendants had a reasonable expectation of privacy which was violated by unreasonable governmental intrusion. The test for determining whether defendants' expectation of privacy was reasonable is whether they "exhibited an actual (subjective) expectation of privacy and whether that expectation is one that society is prepared to recognize as reasonable" (*People v Lerhinan,* 90 AD2d 74, 75, mot for lv to app den 58 NY2d 786; see *Katz v United States,* 389 US 347, 361 [Harlan, J., concurring]). Additionally, as the United States Supreme Court instructed in *Katz* (*supra,* pp 351-352): "the Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. * * * But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." When these principles are applied to the instant situation, it becomes readily apparent that the suppression question cannot be properly determined without a suppression hearing. Clearly, factual issues are presented here regarding, *inter alia,* the location of and the conditions under which the marihuana was growing, the manner of the police surveillance and the reasonableness of defendants' expectations of privacy, and such issues must be satisfactorily resolved before an intelligent and

---

[*] In both indictments, the counts charging criminal possession of marihuana in the third degree erroneously cited section 221.15 of the Penal Law.

informed ruling can be made upon defendants' suppression motion. That being so, it was error to rule on the subject motion without a hearing, and consequently, the judgments of County Court must be reversed. Judgments reversed, on the law, and matter remitted to the County Court of Chenango County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

