■ In the Matter of ROGER PARMETER, Petitioner, v ROBERT J. FEINBERG, as Judge of the County Court of Clinton County, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to

prohibit respondents from trying petitioner in the County Court of Clinton County on an indictment charging him with criminal possession of marihuana in the first degree.

Petitioner was arrested in October, 1983 and charged in separate informations with growing marihuana without a license (Public Health Law, § 3382) and criminal possession of marihuana in the first degree (Penal Law, § 221.30). Twenty-five pounds of marihuana were found in his possession, with some eight pounds growing in his garden and the remaining 17 pounds in the form of cured marihuana located in his residence.

Petitioner pleaded guilty to growing marihuana without a license in the Champlain Town Court. A Grand Jury indicted petitioner for criminal possession of marihuana in the first degree. Petitioner was given a conditional discharge and a $40 penalty was imposed in Town Court. Petitioner moved to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [e]) on the ground of former jeopardy. The motion was denied. This special proceeding pursuant to CPLR article 78 ensued, with the petition seeking prohibition restraining respondents from prosecuting him on the same criminal transaction for which he was prosecuted in Town Court.

Petitioner urges that CPL 40.20 (subd 2) bars his further prosecution under the indictment for possession of marihuana. The section prohibits the separate prosecution for two offenses based upon the same act or criminal transaction unless otherwise excepted by statute. The exceptions at issue under the present facts are contained in CPL 40.20 (subd 2), which read:

"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or "(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil".

We conclude that the instant matter falls within the second exception (CPL 40.20, subd 2, par [b]). Each of the offenses involved here include an element which is not an element of the other. The most significant element of the possession offense distinguishing it from the growing offense is the element of weight. The possession offense is designated as a class C felony because it involves the possession of more than 10 pounds of marihuana. The Penal Law is designed to increase penalties based upon the weight of the forbidden substances possessed. On the other hand, the element of weight is not involved in the

growing offense. They are thus easily distinguishable on this basis.

It is also obvious that the two transgressions are designed to prevent very different kinds of unlawful activity. The Public Health Law is intended to prevent the propagation of the plant within this State, while article 221 of the Penal Law is directed to controlling availability and use of the substance in quantities sufficient to indicate an intent to distribute. We conclude that there is no impediment to petitioner's prosecution under section 221.30 of the Penal Law.

Petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.