■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ABBOTT and SHARON JENKINS, Appellants. — Appeals (1) from a judgment of the County Court of Chenango County (Ingraham, J.), rendered August 12, 1983, convicting defendant Raymond Abbott upon his plea of guilty of the crime of criminal possession of marihuana in the third degree, and (2) from a judgment of said court, rendered August 12, 1983, convicting defendant Sharon Jenkins upon her plea of guilty of the crime of criminal possession of marihuana in the fourth degree.

On September 14, 1981, upon being advised by a confidential informant that defendants were growing marihuana in excess of

amounts for personal use and were involved in processing and distributing the same, a State Police investigator conducted surveillance by means of a helicopter which hovered over property occupied by defendants. The investigator observed a substantial number of marihuana plants. Based upon that information, a search warrant was obtained and 144 marihuana plants were found growing on the premises. Additionally, the search yielded 427 dried marihuana plants and in excess of 8,400 grams of marihuana. Both defendants were indicted for criminal possession of marihuana in the first degree, second degree and third degree. Defendants moved for suppression of the seized items, which motion was denied without a hearing on the basis that there was no reasonable expectation of privacy in an open field and, consequently, the warrantless search was not in violation of the Fourth Amendment. Upon appeal, this court reversed (*People v Abbott,* 94 AD2d 831), determining that the suppression court erred in failing to grant a hearing.

Thereafter a hearing was held at which defendant Raymond Abbott testified. The property occupied by him was in a sparsely settled section of the county and consisted of more than 400 acres which were posted with no trespassing signs. Located on the property approximately 25 to 50 feet from the public roadway was a two-story house and attached garage. Approximately 200 feet south of the house was a small shed and the marihuana patch was located approximately 150 to 200 feet behind the shed and away from the residence. Defendant Abbott also testified that the area in which the marihuana patch was located was surrounded by high grass, briers and small poplar trees. Following the hearing, the suppression court applied the "open-field doctrine" and found that the marihuana patch could be observed both from the air and from the adjacent highway. The court denied the suppression motion. Thereafter, both defendants entered guilty pleas to reduced charges and these appeals ensued.

Since the suppression court's decision, the United States Supreme Court has handed down its decision in *Oliver v United States* (466 US __, 104 S Ct 1735), in which it held that the open-field doctrine, which permits police officers to enter and search a field without a warrant, is consistent with the plain language of the Fourth Amendment and its historical purposes. By defendants' own description of the property, it is readily apparent that the marihuana was growing in an open field and not within the curtilage of the residence. It was, except for the marihuana patch, an uncultivated area of land which could not be described as part of the home or residence to which privacy should attach.

Whether the police officers were technically guilty of a trespass is inconsequential (*People v Gustafson,* 101 AD2d 920).

Judgments affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.