■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOEGER, Appellant. — Levine, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered

November 9, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.

In August 1982, a State Police investigator entered into defendant's 103-acre farm without a warrant and there located two fields where defendant was growing marihuana. Defendant was subsequently indicted on a charge of criminal possession of marihuana in the first degree. Following a suppression hearing, County Court denied defendant's motion to suppress the marihuana found in the fields. Defendant then pleaded guilty as charged.

On this appeal, defendant contends that the marihuana should have been suppressed as it was the fruit of a warrantless search of an area in which defendant had a reasonable expectation of privacy. He argues that the fact that the fields in question were posted with no trespassing signs and were partially fenced evidences his expectation of privacy in those areas and renders the warrantless search thereof violative of the US Constitution 4th Amendment. This contention is meritless.

The same argument was rejected in *Oliver v United States* (466 US 170, 104 S Ct 1735) wherein the Supreme Court stated that "no expectation of privacy legitimately attaches to open fields" (p 1742), noting that the presence of fences and no trespassing signs does not alter this rule since they do not "effectively bar the public from viewing open fields in rural areas" (p 1741). The *Oliver* ruling was recently followed by this court in a case factually similar to the instant matter (*People v Gustafson,* 101 AD2d 920, 921; *see also, People v Abbott,* 105 AD2d 1029, 1030). We see no reason to alter that holding here.

Defendant also argues that his sentence of six months' imprisonment and 4½ years' probation was unduly harsh and excessive. However, the record discloses that this sentence was the result of a plea bargain during which defendant was represented by competent counsel and, further, that this sentence was far less than the maximum authorized by statute (Penal Law § 70.00 [2] [c]). Accordingly, it cannot be said that the court abused its discretion in sentencing defendant (*see, People v Saez,* 81 AD2d 841, 842).

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.