(January 16, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER H., Appellant.—Main, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), ren-

dered January 6, 1984, which sentenced defendant upon his adjudication as a youthful offender.

Defendant was indicted and charged with burglary in the third degree. On September 28, 1983, after plea bargaining negotiations, defendant pleaded guilty to the crime charged. In return for such plea, County Court indicated that it would "in all probability" adjudicate defendant a youthful offender and sentence him to probation when he returned to the court for sentencing on October 26, 1983. Defendant did not, however, appear in court on his scheduled sentencing date. When he did finally appear again before County Court on January 6, 1984, defendant's attorney stated on the record that, since his September 28, 1983 appearance, defendant had been accused of committing another burglary in Ulster County. Defendant's attorney further stated that, having engaged in further plea bargaining negotiations, he was not going to withdraw defendant's guilty plea but was, instead, going to make an application to have the sentence cover both the original indictment and the more recent burglary charge. He also acknowledged that, as part of the court's acceptance of such plea, defendant would be adjudicated a youthful offender and sentenced to 1 to 3 years' imprisonment. County Court sentenced defendant accordingly.

On appeal, defendant's primary argument is that he was not made aware by County Court of his right to withdraw his original guilty plea. A reading of the record belies this contention. While it is true that, where a court determines that it will not or cannot impose a sentence promised during plea bargaining, the defendant must be afforded the opportunity to withdraw his guilty plea (see, People v Selikoff, 35 NY2d 227, 240, cert denied 419 US 1122; People v Jones, 99 AD2d 1, 3; People v Grant, 92 AD2d 985), it is clear in this case that defendant and his attorney were fully aware of defendant's right to withdraw his guilty plea and voluntarily chose not to withdraw it.

We have examined defendant's remaining contentions and find them to be totally devoid of merit.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.