THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHERINE REYNOLDS, Appellant.—Main, J. P.

After receiving information from an anonymous caller that a large amount of marihuana was being grown on defendant's farm in the Town of Gallatin, Columbia County, two State Police investigators flew over defendant's farm via helicopter and observed the frame of a dilapidated former greenhouse containing what appeared to be mature marihuana plants. One of these two investigators later walked through defendant's 103-acre farm, observed a large number of marihuana plants growing in several locations, and photographed some of the plants. Based on these observations, a search warrant was issued and the marihuana plants, as well as other items, were seized and defendant was arrested. After County Court denied her suppression motion, defendant pleaded guilty to criminal possession of marihuana in the first degree. This appeal ensued.

Defendant first asserts that she could not properly be indicted under Penal Law § 221.30 for possession of marihuana because Public Health Law § 3382, not the Penal Law, prohibits the growing of marihuana plants. We disagree. Penal Law § 221.30 prohibits possession of "preparations, compounds, mixtures or substances of an aggregate weight of more than ten pounds containing marihuana". "Marihuana" is defined, for purposes of that statute, as, *inter alia,* "all parts of the plant of the genus Cannabis, whether growing or not" (Public Health Law § 3302 [20]; *see,* Penal Law §§ 221.00, 220.00 [6]). Given this definition, there is no bar to prosecution under Penal Law § 221.30 for possession of growing marihuana *(cf. Matter of Parmeter v Feinberg,* 105 AD2d 886).

We agree with County Court that neither the helicopter search nor the foot search of defendant's property was illegal, and the search warrant was not thus rendered invalid. With respect to the helicopter search, we note that we have previously approved such aerial observation under the "open-field" doctrine *(see, People v Abbott,* 105 AD2d 1029). Further, the Supreme Court has recently determined that aerial observation of a defendant's backyard may form the basis for a search warrant, there being no reasonable expectation of privacy from such observation *(California v Ciraolo,* 476 US —, 106 S Ct 1809). With respect to the foot search, this court has ruled in two similar cases that such searches are not unconstitutional and do not render subsequent search warrants invalid *(see, People v Joeger,* 111 AD2d 944; *People v Gustafson,* 101 AD2d 920). Finally, defendant's reliance on *People v Abbott* (94 AD2d 831) in requesting another suppression hearing is misplaced, since *Abbott* preceded the Supreme Court's decision in *Oliver v United States* (466 US 170), which reaffirmed the "open-field" doctrine *(cf. People v Abbott,* 105 AD2d 1029, *supra).*

Contrary to defendant's assertions, the search warrant properly was issued to include a search of defendant's house as well as of the surrounding land. The investigation made prior to the issuance of the warrant revealed that a large number of marihuana plants were being grown in a former greenhouse and other marihuana plants were growing in containers and other areas of the ground. This evidenced, in County Court's words, "systematic human cultivation"; a reasonable inference from such cultivation would be that evidence relating to this cultivation would be found within defendant's house, since the amount of marihuana being grown apparently represented more than could be used for personal consumption.

Defendant finally challenges the seizure of certain items not named in the search warrant, which specifically authorized the seizure of marihuana and records of its purchase and sale. Under the "plain view" doctrine, an item not mentioned in a search warrant may be seized if the officer viewing the item was lawfully in a position to observe the item, his observation was inadvertent rather than anticipated, and the incriminating character of the item was immediately apparent *(see, People v Basilicato,* 64 NY2d 103, 115; *cf. Coolidge v New Hampshire,* 403 US 443). With the exception of the $42 found in a pair of dungarees lying on a bed and $18.67 in change found on a table top, we find that the requirements of the "plain view" doctrine were met, and the items were properly

seized. We do not find the small amounts of money to have been of an immediately apparent incriminating character. Nevertheless, the error in seizing these items may well be said to be harmless error.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.