■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CUOZZO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered February 18, 1986, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

In sentencing the defendant as a second felony offender, the court did not err in finding, after a hearing pursuant to CPL 400.21 (7), that the defendant had been previously convicted of a felony, which had not been obtained in violation of his constitutional rights.

We reject, as did the hearing court, the defendant's contention that his prior conviction of attempted burglary in the second degree cannot be used as a predicate felony because his plea in that case was induced by an unfulfilled promise of the court. It is well settled that where a court determines that it will not or cannot impose a sentence promised during plea bargaining, the defendant must be afforded the opportunity to withdraw his guilty plea *(see, People v Selikoff,* 35 NY2d 227, 240, *cert denied* 419 US 1122; *People v Torres,* 45 NY2d 751).

After reviewing an unfavorable presentence report, the court in the prior case declined to fulfill its promise to adjudicate the defendant a youthful offender as to 1 of the 2 felony offenses to which he had pleaded guilty. Nevertheless, a

reading of the record supports the finding that the defendant and his attorney were aware of the defendant's right to withdraw his guilty plea, but voluntarily chose not to withdraw the plea at the time of sentence because the court was still going to impose the promised period of incarceration (i.e., concurrent, determinate terms of one year of incarceration for each offense). The defendant acknowledged at the hearing that his primary concern was the length of incarceration that he would have to serve. Under the circumstances of this case, the defendant's guilty plea in the prior case was not rendered involuntary, *ab initio,* by the court's subsequent refusal to adjudicate the defendant a youthful offender as to the charge of attempted burglary in the second degree *(see, People v Christopher H.,* 116 AD2d 846). Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.