■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY F. SCOTT, Appellant.—Mikoll, J. Appeal from a judgment

of the County Court of Chenango County (Dowd, J.), rendered October 30, 1989, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.

The primary question presented on this appeal is whether defendant's act of posting no trespassing signs about every 20 to 30 feet around the perimeter of his property, which consisted of 165 acres of rural, hilly, undeveloped, uncultivated fields and woodlands except for defendant's cultivation of marihuana thereon, established an expectation of privacy cognizable under the right to privacy protection of the 4th Amendment of the US Constitution and article I, section 12 of the NY Constitution. County Court properly held that there was no such expectation of privacy created by the posting on the facts of this case and correctly denied defendant's motion to suppress. The judgment of conviction rendered upon defendant's subsequent plea of guilty to criminal possession of marihuana in the first degree should therefore be affirmed.

The pertinent facts of this case are as follows. In the fall of 1987, during bow hunting season, William Collar, a private citizen, shot and wounded a deer. He pursued the animal onto defendant's posted lands. While on the land he observed a pond structure dug out in a hillside. He then came across two plastic 50-gallon drums, a large amount of camouflage netting, beaten paths and plots of various sizes with brown spots underneath overhanging branches spaced about 6 or 8 feet apart. At that time Collar "surmised" that pot was being cultivated. The signs surrounding defendant's land bore his last name. Defendant claimed to have resided in a dilapidated old mobile home for some 15 months prior to his arrest. The only other structure on the property was a storage shed. The mobile home had no electricity and no running water.

Sometime during the latter half of July 1988, Collar again entered upon defendant's posted lands and observed, among other things, about 50 marihuana plants, some of which had plastic hose running to them from the plastic lined pond. He had previously seen marihuana plants and at this time recognized the plants as marihuana. He also observed a tall man armed with a gun strapped to his shoulder nearby. In late July 1988, Collar conveyed this information to the State Police, who requested that he go back to the premises and obtain a leaf from a marihuana plant. On August 22, 1988, Collar appeared before County Court to give in-camera testimony. Later that day, State Police Investigator Leslie Hyman accompanied Collar to the property of defendant where both

entered the land and Hyman personally saw the marihuana growing. On August 23, 1988, on the basis of the in-camera testimony of Collar, an anonymous phone call to the Sheriff's Department, a check of the Chenango County tax maps showing an individual with defendant's last name as the owner of the property in question, and his own personal observations, Hyman made application to County Court for a search warrant. The warrant was issued and executed at about 3:15 P.M. Approximately 200 portable marihuana plants and other items related to cultivation were seized. Defendant was then arrested and, after being advised of his rights, he admitted that he owned the land and that he grew the seized plants.

We reject defendant's contention that his posting of the property with no trespassing signs evinced a clear expectation of privacy entitling him to the protection of his right to privacy under the 4th Amendment and of the search and seizure clause of NY Constitution (art I, § 12). In *Oliver v United States* (466 US 170) the Supreme Court addressed this issue and held that: "we reject the suggestion that steps taken to protect privacy establish that expectations of privacy in an open field are legitimate. * * * [Although the defendant] planted the marihuana upon secluded land and erected fences and 'No Trespassing' signs around the property * * * [n]either of these suppositions demonstrates, however, that the expectation of privacy was *legitimate* in the sense required by the Fourth Amendment. The test of legitimacy is not whether the individual chooses to conceal assertedly 'private' activity. Rather, the correct inquiry is whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment" *(supra,* at 182-183 [emphasis in original]). *(Accord, Florida v Riley,* 488 US 445.)

The open fields doctrine upheld in *Oliver* is followed in New York *(see, People v Joeger,* 111 AD2d 944; *see also, People v Reynolds,* 71 NY2d 552, 556). The marihuana in question here was clearly grown in an open, uncultivated field away from the curtilage of any residential structure; thus, defendant had no legitimate expectation of privacy *(see, People v Abbott,* 105 AD2d 1029, 1030; *see also, People v Fillhart,* 93 Misc 2d 911, 913). Furthermore, defendant's reliance on *People v Gleeson* (36 NY2d 462) is misplaced since that case involved the warrantless search and seizure of property from a building.

We also reject defendant's argument that Collar, as a confidential informant, became a police agent when he reentered the property at the "direction" of the State Police and that this constituted an illegal trespass by the police. As defendant

had no expectation of privacy, the search warrant was not obtained in violation of defendant's constitutional right of privacy or of his search and seizure rights and it is irrelevant whether Collar was acting as a police agent.

We have considered defendant's other arguments for reversal and find them lacking in merit.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.