OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was indicted for criminal possession of a controlled substance in the first degree and criminal possession of marihuana in the second degree, arising out of inspection of her carry-on baggage by a United States customs agent upon her arrival at Kennedy Airport after a flight from Jamaica. The inspection yielded 14 ounces of cocaine and over two pounds of marihuana.
With the approval of the court, defendant entered an Alford *840 plea (North Carolina v Alford, 400 US 25) to attempted criminal possession of a controlled substance in the first degree (a class A-I felony) in full satisfaction of all counts, in exchange for a promise that the People would recommend a sentence of a term of four years to life imprisonment. The plea was entered into by both the defense and prosecution on the erroneous assumption that the crime pleaded to was a class A-II felony.
Over objections by the People, Supreme Court imposed a sentence of lifetime probation on the grounds that defendant had offered to assist the authorities in investigations of drug offenses (see, Penal Law § 65.00 [1] [b]) and that the agreed upon sentence of imprisonment constituted cruel and unusual punishment (see, US Const 8th Amend; NY Const, art I, § 5).
On appeal to the Appellate Division, that Court reversed the sentence and remitted the case to Supreme Court for resentencing or, at the election of either the defendant or the People, a withdrawal of defendant’s guilty plea (193 AD2d 752). The Court noted that, since defendant pleaded guilty to a class A-I felony (see, Penal Law § 110.05 [1]), neither the agreed upon sentence of four years to life imprisonment, nor the sentence of lifetime probation actually imposed, was a legal sentence (see, Penal Law § 70.00 [3] [a] [i]; § 65.00 [1] [b]). A Judge of this Court granted leave to appeal.
There should be an affirmance. Because neither the sentence pursuant to the plea agreement nor the sentence actually imposed was authorized by law for the crime of which defendant was convicted, the Appellate Division properly ruled that the sentence must be reversed and the case remitted for resentencing with the opportunity for both parties to withdraw from the plea agreement (see, People v Farrar, 52 NY2d 302, 307-308). We note that, because of the procedural posture and narrow dispositional basis of this case, no occasion is presented to pass on the substantive sentencing issues (see, People v Thompson, 83 NY2d 477 [decided today]).
Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
Order affirmed in a memorandum.