■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREE BENNETT, Appellant. [900 NYS2d 769]—

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered November 8, 2007, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In 2007, in satisfaction of a six-count indictment, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree, a class C felony (see Penal Law §§ 110.00, 110.05, 220.16 [1]). In accord with the plea agreement, County Court sentenced him as a nonviolent second felony offender to a prison term of three years, to be executed as a parole supervision sentence, thus allowing for his participation in a drug treatment program. Defendant appeals.

The sentence imposed was not authorized by law. At the time of the plea and sentencing, defendant's conviction for a class C felony did not qualify for a disposition of parole supervision (see Penal Law former § 70.70 [3] [b] [i]; [d]; CPL former 410.91 [5]).* We are required to vacate the sentence, notwithstanding the People's argument that the error favored defendant (see People v Cameron, 83 NY2d 838, 840 [1994]). "[T]his [C]ourt cannot permit a sentence which is invalid as a matter of law to stand" (People v Peale, 122 AD2d 353, 354 [1986]; see CPL 470.15 [2] [c]; People v Gustafson, 101 AD2d 920, 921 [1984]). Further, as the error affected the sentence both as promised at the time of the plea and as later imposed, it rendered the plea involuntary, and defendant must be allowed the opportunity to withdraw his plea and stand trial (see People v Cameron, 83 NY2d at 840; People v Selikoff, 35 NY2d 227, 239-240 [1974], cert denied 419 US 1122 [1975]; People v Gustafson, 101 AD2d at 921). In light of this disposition, it is unnecessary to address defendant's remaining contentions.

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

* CPL 410.91 was amended in 2009 to include a class C controlled substance felony offense as a specified offense eligible for parole supervision (see L 2009, ch 56, part AAA, § 8).