■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL A. WARREN, Appellant. [902 NYS2d 826]—

Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered March 4, 2009, convicting defendant upon his pleas of guilty of the crimes of attempted criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the fourth degree.

On October 2, 2006, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree in satisfaction of a two-count indictment in exchange for a bargained-for sentence of two years with two years of postrelease supervision. Defendant was administered *Parker* warnings and released from custody. When he failed to appear for sentencing, an arrest warrant was issued.

In the fall of 2007, defendant was involved in further criminal activity resulting in an April 2008 indictment for numerous drug-related offenses. As a result of further negotiations, on March 4, 2009, defendant pleaded guilty to attempted criminal possession of a controlled substance in the first degree and agreed to be sentenced as a second felony drug offender to an aggregate prison term of 10 years and postrelease supervision of five years. County Court sentenced defendant to the agreed-upon sentences on both convictions and ran the sentences concurrently. Defendant now appeals.

Appellate counsel seeks to be relieved from his assignment of representing defendant on the ground that no nonfrivolous issues exist that could be raised on appeal. Upon our review of the record, however, we are required to vacate the unauthorized sentence imposed on defendant's plea to attempted criminal possession of a controlled substance in the first degree. Defendant pleaded guilty to a class A-I felony (*see* Penal Law § 110.05 [1]; § 220.21) and, as a second felony drug offender, was subject to a minimum term of imprisonment of 12 years (*see* Penal Law § 70.71 [3] [b] [i]; *People v Cameron*, 83 NY2d 838, 840 [1994]). While this issue was not raised by either party before the sentencing court or on appeal and the sentence as imposed favors defendant, we nevertheless must vacate the illegal sentence (*see People v Warner*, 69 AD3d 1052, 1054 [2010]; *People v Davis*, 37 AD3d 1179, 1180 [2007], *lv denied* 8 NY3d 983 [2007]). Accordingly, the sentence is vacated and the case is "remitted for resentencing with the opportunity for both parties to withdraw from the plea agreement" (*People v Cameron*, 83 NY2d at 840). In light of this disposition, appellate counsel's motion to withdraw is academic.

Cardona, P.J., Lahtinen, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.