◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. RYAN, Appellant. [920 NYS2d 806]—

McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 14, 2009, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.

After he was caught driving without a license while his blood alcohol level was .22%, defendant was charged in a four-count indictment. In satisfaction of that indictment and other pending charges, he pleaded guilty to one count each of aggravated unlicensed operation of a motor vehicle in the first degree (*see* Vehicle and Traffic Law § 511 [3] [a]) and driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [2-a]). The plea agreement required defendant to enter a treatment program for substance abuse issues, with different potential sentences depending upon whether he successfully completed the program. Defendant absconded before entering the treatment facility, subjecting him to a lengthier sentence. County Court imposed a sentence of 1 to 3 years in prison for aggravated unlicensed operation of a motor vehicle in the first degree and one year in jail with a $500 fine for driving while intoxicated, plus a mandatory surcharge, crime victim's assistance fee and Vehicle and Traffic Law fee. Defendant appeals.

Defendant was not denied the actual assistance of counsel. Counsel was assigned, filed motions and was present with defendant at each court appearance. Defendant's allegations are better suited to a claim of ineffective assistance of counsel.

County Court did not err in denying defendant's motion to vacate his plea on the ground of ineffective assistance of counsel. Defendant now argues that counsel had a conflict of interest. We will not consider this argument because defendant accepted the assignment of counsel without raising the alleged conflict, did not mention the alleged conflict to the court until after the plea was entered and did not include it as part of the grounds for his motion. While counsel's failure to inform defendant of the arraignment date led to a warrant being issued, the record does not support defendant's argument that counsel contributed to the court setting higher bail that resulted in him remaining in jail. Instead, the court apparently set bail based upon defendant's lengthy criminal record and history of violating parole. The remaining assertions in defendant's motion were contradicted by his statements during the plea allocution that he had reviewed the plea agreement with counsel, counsel had answered any questions to his satisfaction, he had sufficient information to make an informed plea and "adequate opportunity to speak to [his] lawyer," and he was waiving pretrial hearings, including any challenge to probable cause or the legality of the traffic stop. Based upon defendant's statements during the allocution, the court did not err in denying his motion without a hearing (*see People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010]; *People v Shovah*, 67 AD3d 1257, 1258 [2009], *lv denied* 14 NY3d 773 [2010]).

Defendant's plea was not rendered involuntary by County Court's failure to mention, prior to the plea, the mandatory surcharge, crime victim's assistance fee and Vehicle and Traffic Law fee associated with his conviction. The Court of Appeals has held that such administrative fees "are not components of a defendant's sentence" (*People v Hoti*, 12 NY3d 742, 743 [2009]). Accordingly, the court's failure to pronounce these charges prior to the plea does not deprive a person of the opportunity to voluntarily, knowingly and intelligently weigh the available options and accept a plea (*see id.* at 743; *People v Fauntleroy*, 57 AD3d 1167, 1168 [2008]).

The People concede, as they must, that the sentence imposed for aggravated unlicensed operation of a motor vehicle in the first degree is invalid as a matter of law because it does not include a fine as required by statute (*see* Vehicle and Traffic Law § 511 [3] [b] [i]). An invalid sentence cannot stand, requiring us to vacate the sentence on that charge (*see People v Bennett*, 72 AD3d 1124 [2010]; *People v Peale*, 122 AD2d 353, 354 [1986]). Consistent with the sentence that was imposed, the plea agreement did not include a fine for the aggravated unlicensed operation charge. As defendant cannot receive the sentence contemplated by the plea agreement, due to that sentence being illegal, upon remittal County Court must either secure defendant's agreement to be resentenced in compliance with the statute or afford him the opportunity to withdraw his plea (*see People v Cameron*, 83 NY2d 838, 840 [1994]; *People v Peale*, 122 AD2d at 354).

Spain, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed for the crime of aggravated unlicensed operation of a motor vehicle in the first degree; matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.