■ The People of the State of New York, Respondent, v Jeremy R. Singleton, Appellant. [929 NYS2d 513]—

In satisfaction of two indictments, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree. Pursuant to the plea agreement, County Court sentenced defendant to a prison term of three years followed by three years of postrelease supervision. Defendant now appeals.

Appellate counsel for defendant requests that he be relieved of his assignment on the basis that there are no nonfrivolous issues to be advanced on appeal. Having reviewed the record, however, we are instead required to vacate the unauthorized sentence imposed. Specifically, defendant, who is not a predicate felon, pleaded guilty to one count of criminal sale of a controlled substance in the third degree, a class B felony (*see* Penal Law § 220.39 [1]), and a determinate sentence of three years was thereafter imposed pursuant to Penal Law § 70.70 (2) (a) (i). As a result, the permissible period of postrelease supervision could not be "less than one year nor more than two years" (Penal Law § 70.45 [2] [b]) and, therefore, the three-year period imposed herein is illegal (*see e.g. People v Therrien*, 78 AD3d 1331, 1331-1332 [2010]).

While this issue was not raised before County Court or on appeal, we nevertheless must vacate the illegal sentence and remit the matter "for resentencing with the opportunity for both parties to withdraw from the plea agreement" (*People v Warren*, 74 AD3d 1639, 1640 [2010] [internal quotation marks and citation omitted]). Given this disposition, appellate counsel's motion to withdraw is academic.

Mercure, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.