(September 19, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME FAULCON, Appellant. [971 NYS2d 356]—

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 7, 2011, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree (two counts).

Defendant pleaded guilty to an indictment charging him with two counts of aggravated unlicensed operation of a motor vehicle in the first degree. County Court agreed, in return, to sentence him to an aggregate jail term of one year with no fines. While County Court sentenced defendant to the contemplated jail term, it further imposed a fine of $1,000 on each count. Defendant now appeals.

County Court promised defendant that his sentence would not include a fine, but such sentence would have been illegal (see Vehicle and Traffic Law § 511 [3] [b]; People v Ryan, 83 AD3d 1128, 1130 [2011]). The legal sentence that County Court imposed was inconsistent with that promise. Although defendant failed to preserve this issue by moving to withdraw the plea or vacate the judgment of conviction, the sentence must nevertheless "be vacated, and the matter remitted . . . to afford . . . defendant the opportunity to accept the sentence that was actually imposed, or permit him to withdraw his plea of guilty"

(*People v Figueroa*, 82 AD3d 1006, 1007 [2011], *lv denied* 17 NY3d 795 [2011]; *see People v Ryan*, 83 AD3d at 1130; *see also People v Galietta*, 75 AD3d 753, 754-755 [2010]).

Peters, P.J., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.