*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                    105707
                                                      106556

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                MEMORANDUM AND ORDER

KAREL R. WESTERLING JR.,
                        Appellant.
_____

Calendar Date:  March 31, 2015

Before:  Peters, P.J., McCarthy, Lynch and Devine, JJ.

                        _____


        Paul R. Corradini, Elmira, for appellant.

        Gwen Wilkinson, District Attorney, Ithaca (Andrew J.
Bonavia of counsel), for respondent.

                        _____


        Appeals (1) from a judgment of the County Court of Tompkins
County (Rowley, J.), rendered January 16, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment, and
(2) by permission, from an order of said court, entered September
4, 2013, which denied defendant's motion pursuant to CPL 440.20
to set aside the sentence, without a hearing.

        Defendant waived indictment and was charged in a superior
court information with a number of theft-related crimes.  He
pleaded guilty to grand larceny in the third degree in
satisfaction of all pending charges.  Under the terms of the plea
agreement, defendant was to be sentenced to six months in jail as
well as five years of probation, which was to include his
participation in a felony drug treatment program.  County Court

advised defendant that, in the event that he did not successfully complete the program, it could impose any legal sentence on the underlying crime. After serving his jail time and being released to probation, defendant failed to successfully complete the program. As a result, his probation was revoked and he was resentenced to 1 to 5 years in prison. Defendant moved pursuant to CPL 440.20 to set aside the sentence and his motion was denied. He now appeals from both the judgment of conviction and, by permission, from the order denying his CPL 440.20 motion.

Defendant contends that his sentence should be set aside because County Court did not comply with the terms of the plea agreement upon resentencing. In particular, he maintains that the court promised to resentence him to a prison term of 1 to 3 years or 1 to 4 years, but instead resentenced him to 1 to 5 years. Upon reviewing the record, it is apparent that defendant's assertion is based upon comments made by County Court that have been completely taken out of context. In discussing the possible consequences of defendant's failure to successfully complete the felony drug treatment program, the court noted that defendant would face resentencing and could receive the maximum of 2⅓ to 7 years in prison, but that he would "more likely" end up with a prison term of 1 to 3 years or 1 to 4 years with shock incarceration based upon his criminal record. Clearly, the court retained the discretion to impose a legally permissible sentence and never promised to resentence defendant to any specific period of incarceration. Inasmuch as the record fails to support defendant's claim that County Court violated the terms of the plea agreement, we find no basis to disturb the sentence (see People v Cooper, 258 AD2d 815, 816 [1999], lv denied 93 NY2d 1016 [1999]; compare People v Faulcon, 109 AD3d 1021, 1021-1022 [2013]).

Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the judgment and order are affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court