People v Ferguson (2019 NY Slip Op 08424)





People v Ferguson


2019 NY Slip Op 08424


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-09982
 (Ind. No. 295/10)

[*1]The People of the State of New York, respondent,
v
Erik D. Ferguson, appellant.


Janet E. Sabel, New York, NY (Eve Kessler of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Leonard P. Rienzi, J., at plea; Wayne M. Ozzi, J., at sentence), rendered September 2, 2015, convicting him of assault in the second degree, upon his plea of guilty, and sentencing him to a period of probation of three years. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection issued at the time of sentencing is vacated, as a matter of discretion in the interest of justice; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.
On September 9, 2011, the defendant pleaded guilty to assault in the second degree, a class D violent felony (see Penal Law §§ 70.02[1][c]; 120.05[3]). On September 2, 2015, after the defendant successfully completed a residential mental health treatment program over the course of two years and served more than three months in jail, the Supreme Court sentenced the defendant to a three-year term of probation and issued an order of protection in favor of an individual who was neither a victim of nor a witness to the crime to which the defendant pleaded guilty.
Penal Law § 60.05(5) mandates that a person convicted of the class D violent felony offense of assault in the second degree be sentenced to a term of imprisonment (see Penal Law § 70.02[1][c]; People v Lirio, 54 AD2d 732, 732). Such a sentence could consist of a determinate term of imprisonment of at least two years and no more than seven years (see Penal Law § 70.02[2][b]; [3][c]), or alternatively, a definite term of imprisonment of one year or less under Penal Law § 70.00(4) or an intermittent term of imprisonment under Penal Law § 85.00 (see Penal Law § 60.05[5]; People v Endresz, 1 AD3d 888, 889; People v Housman, 291 AD2d 665, 666). Moreover, a split sentence of imprisonment and probation is also authorized (see Penal Law § 60.01[2][d]).
Consequently, as the defendant argues and the People concede, the defendant's sentence of a term of probation only with respect to his conviction of assault in the second degree was illegal, and the sentence must be vacated and the matter remitted to the Supreme Court, Richmond County for resentencing or to allow the defendant to withdraw his plea of guilty (see People v Cameron, 83 NY2d 838, 840; People v Senat, 165 AD3d 705, 706).
The defendant, a first time felony offender, requests that his sentence be equivalent to the amount of time that he has already served in connection with this conviction. Such a sentence would be a legal sentence if the sentencing court, in considering the circumstances of the crime and the defendant's character, deems such a sentence to be proper (see Penal Law § 70.00[4]).
Further, as the defendant argues and the People concede, the Supreme Court had no authority to issue an order of protection in favor of an individual who was neither a victim of nor a witness to the crime to which the defendant pleaded guilty (see CPL 530.13[4]; People v Hanniford, 174 AD3d 921, 922). Consequently, we vacate the order of protection issued at the time of sentencing.
In light of our determination, the defendant's remaining contention is academic. Accordingly, we vacate the sentence imposed, vacate the order of protection issued at the time of sentencing, and remit the matter to the Supreme Court, Richmond County, for resentencing or to allow the defendant to withdraw his plea of guilty (see People v Cameron, 83 NY2d at 840).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court