■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN DOLEO, Respondent.

Defendant had been sentenced by Justice Levittan on April 13, 1983, on his plea of guilty of criminal possession of a weapon in the third degree, to a term of 1 to 3 years' imprisonment "to run concurrently with the sentence the defendant has just received from Judge Sklar". However, Justice Sklar did not sentence defendant until June 21, 1983, on his plea of guilty to criminal possession of a weapon in the third degree, to a term of

1 to 3 years' imprisonment "to run concurrently with the time the defendant is now serving on another sentence."

Neither Justice Sklar nor Justice Levittan made any statement on the record that there were mitigating circumstances to warrant imposition of concurrent, rather than consecutive, sentences, as required by Penal Law § 70.25 (2-b). The People did not object and took no appeal from either sentence.

On November 3, 1983, the defendant was brought before Justice Carey for sentencing premised upon his plea of guilty to attempted criminal possession of a weapon in the third degree, on which he had been promised a sentence of 1 to 3 years' imprisonment, to run concurrently with the sentences on the other two weapons charges, provided defendant was not a predicate felon. Although the People raised no objection to the sentence bargain at the plea allocution, the People took the position at sentencing that pursuant to Penal Law § 70.25 (2-b) the sentence imposed was required to run consecutively to the other sentences the defendant had received.

The court noted that the plea bargains called for the sentences to run concurrently on all three cases, and imposed a concurrent sentence of 1 to 3 years, as promised. Justice Carey did not make any statement as to whether there were mitigating circumstances warranting the imposition of a concurrent sentence in the interest of justice.

Despite the People's concurrence in the plea bargain when it was made and the statement of the Trial Justice that she was obligated to comply with the bargain, the sentence imposed was illegal under Penal Law § 70.25 (2-b), which reads as follows: "When a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge, and if an indeterminate sentence of imprisonment is imposed in each case, such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently in a situation where consecutive sentences are required by this subdivision if it finds either mitigating circumstances that bear directly upon the manner in which the crime was committed or, where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution. The defendant and the district attorney shall have an opportunity to present relevant information to assist the court in making this determination and the court may, in its discretion, conduct a hearing with respect to any issue bearing upon such determination. If the court determines that consecutive sentences should

not be ordered, it shall make a statement on the record of the facts and circumstances upon which such determination is based."

The statute plainly requires the court to make a statement on the record of the facts and circumstances upon which the determination that consecutive sentences should not be imposed is based. There must be a finding of "mitigating circumstances that bear directly upon the manner in which the crime was committed". Although the sentencing decision "is a matter committed to the exercise of the *court's* discretion" (*People v Farrar*, 52 NY2d 302, 305), Penal Law § 70.25 (2-b) ousts the court of power to impose a concurrent sentence without a finding of mitigating circumstances upon the record.

Since the Trial Justice failed to make such record finding, we remand for such action as the Trial Justice may, in her discretion, choose to exercise in compliance with the statute. Concur — Asch, J. P., Bloom, Fein and Lynch, JJ.