THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANONYMOUS, Respondent. [772 NYS2d 335]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered August 12, 2002, convicting defendant, upon his plea of guilty, of bail jumping in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, to run concurrently with a previously imposed sentence of six years to life for criminal sale of a controlled substance in the second degree, unanimously modified, on the law, to the extent of vacating the sentence, and the matter remanded to the sentencing court for reconsideration in accordance herewith, and otherwise affirmed.

Defendant, in January 1995, under Indictment Number 13030/94, was charged with criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (13 counts), and one count each of criminal possession of a controlled substance in the first, third and fourth degrees. On November 14, 1996, pursuant to a written cooperation agreement, and in full satisfaction of the indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the second degree. Defendant was subsequently released from custody on $2,000 bail so that he could assist the Office of the Special Narcotics Prosecutor with various narcotics investigations.

Approximately four months later, defendant failed to attend a required court appearance and a bench warrant was issued for his arrest. Defendant was returned to court approximately five years later and, under Indictment Number 737/02, was charged

with one count of bail jumping in the first degree and was sentenced, as a second felony offender, to a term of six years to life on the underlying narcotics conviction for sale of a controlled substance in the second degree. Defendant then pleaded guilty to bail jumping in the second degree, for which he received a sentence of 1½ to 3 years. Supreme Court ordered a mitigation hearing, pursuant to Penal Law § 70.25 (2-c), to determine if defendant's sentences should run consecutively or concurrently. At the conclusion of the hearing, the court stated, without amplification, "[m]y conclusion is that the time will run concurrent and that is that the defense has met its burden to show mitigation . . . ." The People appeal and we now reverse.

Penal Law § 70.25 (2-c) provides, in pertinent part: "When a person is convicted of bail jumping in the second degree . . . and while released on recognizance or bail in connection with a pending indictment or information charging one or more felonies, at least one of which he is subsequently convicted, and if an indeterminate sentence of imprisonment is imposed in each case, such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently in a situation where consecutive sentences are required . . . if it finds mitigating circumstances that bear directly upon the manner in which the crime was committed . . . *If the court determines that consecutive sentences should not be ordered, it shall make a statement on the record of the facts and circumstances upon which such determination is based*" (emphasis added).

The legislative history underlying this statute is instructive in that it reveals the Legislature's awareness not only of the need for an effective deterrent to bail jumping, but also of the limited resources available to pursue offenders. Then Governor Cuomo, in his approval memorandum, noted that: "All too often, the sentence for bail jumping or escape is merged with the sentence for the original offense, resulting in a double benefit to offenders: they are not punished for the escape, and they succeed in delaying punishment for the underlying offense. . . . By mandating consecutive prison sentences unless specified mitigating circumstances are found, the bill dramatically increases the risks to would-be bail jumpers" (Governor's Mem approving L 1986, ch 795, 1986 McKinney's Session Laws of NY, at 3199-3200). The memorandum of the State Executive Department opines that "[i]f the essential goals of the bail jumping statutes are to secure the presence in court of criminal defendants and assure punishment for those who flout those statutes, then the

instant bill will go far toward the realization of those goals" (State Exec Dept Mem, 1986 McKinney's Session Laws of NY, at 3004).

It has also been observed that while the Legislature did not completely circumscribe the flexibility of the sentencing court, the statutorily created discretion delineated in Penal Law § 70.25 is limited (*see People v Garcia*, 84 NY2d 336, 338 [1994] [where the Court found that the discretion set forth in Penal Law § 70.25 (2-b) to be "narrow"]; *accord People v Reyes*, 221 AD2d 202, 203 [1995]).

In this case, the sentencing court disregarded the mandate of the statute when it ordered the sentences to run concurrently, rather than consecutively, in that it provided no elaboration whatsoever regarding the "facts and circumstances upon which [its] determination" was based. Moreover, a review of the transcript of defendant's testimony during the mitigation hearing reveals a self-serving narrative, replete with unsubstantiated statements, which contradict, on several key points, the testimony of the veteran investigator from the Office of the Special Narcotics Prosecutor who handled defendant's "cooperation."* Indeed, the sentencing court, in addition to failing to articulate the reasons for its decision, also neglected to make any determinations as to credibility.

Since the sentencing court failed to make a finding of mitigating circumstances on the record, we remand for such action as the court, in its discretion, may choose to exercise in compliance with the statute (*see People v Doleo*, 110 AD2d 524 [1985], *lv denied* 65 NY2d 979 [1985]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.

---

* It is worthy of note that during the approximate five year period defendant avoided sentencing, he was convicted in Westchester County of assault in the first degree (two counts), criminal possession of a weapon in the third degree and false personation. Defendant also pleaded guilty to attempted criminal possession of a controlled substance in the third degree and was sentenced to an aggregate of 19 years imprisonment.