■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD HARRISON, Respondent. [963 NYS2d 454]—

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), entered May 3, 2012, convicting defendant upon his plea of guilty of the crimes of bail jumping in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.

In March 2010, defendant pleaded guilty to the crimes of aggravated unlicensed operation of a motor vehicle in the first degree, a class E felony, and driving while intoxicated as a class A misdemeanor. When defendant thereafter failed to appear for sentencing, a bench warrant was issued and he was charged with bail jumping in the second degree. After defendant was arrested on the warrant in December 2011,* County Court announced its intention to impose concurrent prison terms of 1 to 3 years on both the bail jumping charge and the underlying felony offense. In response, the People argued that, pursuant to Penal Law § 70.25 (2-c), defendant's sentences must run consecutively absent mitigating circumstances. Consequently, at the time of defendant's guilty plea to the bail jumping charge, the court requested that defendant's counsel submit proposed findings of fact and conclusions of law in support of mitigation. Although counsel failed to do so by the sentencing date, the court nonetheless sentenced defendant to concurrent prison terms of 1 to 3 years. This appeal by the People ensued.

Penal Law § 70.25 (2-c) restricts a court's sentencing discre-

---

* While at large, defendant was charged with, among other things, driving while intoxicated, as a class D felony, in another county.

tion when a person who is convicted of bail jumping in the second degree also is convicted of the underlying felony in connection with which he or she had been released on bail. Specifically, if indeterminate sentences are imposed upon both the bail jumping charge and the underlying felony, the bail jumping sentence *must* run consecutively to the other sentence unless the court "finds mitigating circumstances that *bear directly upon the manner in which the crime was committed*" (Penal Law § 70.25 [2-c] [emphasis added]; *see People v Anonymous*, 5 AD3d 112, 113-114 [2004], *lv denied* 2 NY3d 795 [2004]). Here, County Court sought to justify concurrent sentences based upon "the severe penalties, fines, restrictions and state prison sentence [defendant was] earning by [his] antisocial behavior of drinking and driving and failing to come to court, and because [he had pleaded] guilty . . . and waived appeal in another county." However, these factors have no bearing upon the manner in which the crime was committed (*cf. People v Garcia*, 84 NY2d 336, 342-343 [1994]; *People v Victor J.*, 283 AD2d 205, 206 [2001], *lv denied* 96 NY2d 942 [2001]) and, therefore, do not support imposing concurrent sentences in this case. Accordingly, the matter must be remitted to County Court for further proceedings.

The foregoing renders the People's remaining argument concerning shock incarceration academic.

Peters, P.J., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.