Appeals by the defendant from two judgments of the Supreme Court, Kings County (Chun, J.), both rendered June 25, 2010, convicting him of attempted burglary in the second degree under *881 indictment No. 9179/09 (Chun, J., at plea), and attempted burglary in the second degree under indictment No. 3534/10 (DiMango, J., at plea), upon his pleas of guilty, and imposing sentences.
Ordered that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matters are remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
We agree with the defendant that his appeal waivers are not valid because the record does not demonstrate that he “grasped the concept of the appeal waiver and the nature of the right he was forgoing” (People v Bradshaw, 18 NY3d 257, 267 [2011]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). Accordingly, the purported waivers do not foreclose review of the defendant’s claims.
In March 2010, the defendant pleaded guilty before Justice Chun on indictment No. 9179/09 (hereinafter the earlier indictment) in exchange for the court’s conditional promise to sentence him to a term of six months of incarceration and five years of probation. Justice Chun warned the defendant, however, that a determinate prison term of up to seven years, and a period of postrelease supervision (hereinafter PRS), could be imposed in the event the defendant violated the plea conditions. Thereafter, in April 2010, the defendant apparently violated the plea conditions by committing additional crimes, and he was charged with those additional crimes under indictment No. 3534/10 (hereinafter the later indictment). When the defendant appeared on June 8, 2010, before Justice DiMango for arraignment on the later indictment, Justice DiMango proceeded on the mistaken belief that Justice Chun had promised to impose a determinate prison term of two years and a period of PRS on the earlier indictment in the event that the defendant violated the plea conditions. Upon that mistaken belief, Justice DiMango promised, in exchange for the defendant’s plea of guilty on the later indictment, to sentence the defendant to a determinate prison term of two years and a period of PRS of three years. Justice DiMango further promised that the sentence would run concurrently with the sentence to be imposed on the earlier indictment. The defendant accepted the offer and pleaded guilty, and Justice DiMango transferred the case to Justice Chun for sentencing.
On June 25, 2010, the defendant appeared before Justice Chun for sentencing on both indictments. Justice Chun recognized that the plea agreement on the later indictment resulted, at least in part, from Justice DiMango’s mistaken *882 belief that Justice Chun had promised to impose a two-year determinate prison term on the earlier indictment in the event that the defendant violated the conditions of his plea on that indictment. Justice Chun also recognized that, under Penal Law § 70.25, the sentences on the two indictments were required to run consecutively, unless certain specific findings were made on the record with respect to facts underlying the later crimes (see Penal Law § 70.25 [2-b]). Justice DiMango had not made those findings, and Justice Chun concluded that Justice DiMango’s promise that the sentences on the two indictments would run concurrently would, if fulfilled, result in an illegal sentence. On that premise, Justice Chun gave the defendant two alternatives. The first was for the defendant to accept a two-year determinate prison term plus a period of PRS on each indictment, with the sentences to run consecutively. The second was for the defendant to be sentenced as Justice Chun saw fit on the earlier indictment and for Justice Chun to vacate the defendant’s plea of guilty on the later indictment and transfer that case back to Justice DiMango for further proceedings. The defendant said he would choose the first alternative. When defense counsel insisted that circumstances existed that would permit concurrent sentences under Penal Law § 70.25 (2-b), Justice Chun refused to consider them. Instead, Justice Chun reiterated that the defendant could, by choosing the second alternative, have his plea on the later indictment vacated and that case be transferred back to Justice DiMango. Justice Chun refused to tell the defendant, before the defendant chose between the two alternatives, what sentence would be imposed on the earlier indictment in the event the defendant were to choose the second alternative. The defendant adhered to the first alternative, and Justice Chun imposed, on each indictment, two-year determinate sentences and three-year periods of PRS, with the sentences to run consecutively.
On appeal, the defendant contends that he is entitled to have the sentences run concurrently or, in the alternative, to be resentenced. We agree with him, but only in part.
Penal Law § 70.25 (2-b) states: “When a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge, and if an indeterminate or determinate sentence of imprisonment is imposed in each case, such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently in a situation where consecutive sentences are required by this subdivision if it finds ei *883 ther mitigating circumstances that bear directly upon the manner in which the crime was committed or, where the defendant was not the sole participant in the crime, the defendant’s participation was relatively minor although not so minor as to constitute a defense to the prosecution. The defendant and the district attorney shall have an opportunity to present relevant information to assist the court in making this determination and the court may, in its discretion, conduct a hearing with respect to any issue bearing upon such determination. If the court determines that consecutive sentences should not be ordered, it shall make a statement on the record of the facts and circumstances upon which such determination is based.” Under this provision, the defendant could not legally be sentenced to concurrent terms on the two indictments in the absence of a statement by the court of the “facts and circumstances” upon which it found that concurrent sentences were appropriate. But, contrary to Justice Chun’s conclusion, nothing in the statute required that the necessary statement of “facts and circumstances” be made at the plea proceeding (see People v Doleo, 110 AD2d 524, 526 [1985]). Accordingly, Justice Chun should have first considered whether circumstances existed that, under the statute, would permit the imposition of concurrent sentences and, if so, whether he would impose concurrent sentences in the interest of justice. If Justice Chun were to have found that concurrent sentences were not authorized or appropriate, he would then have been required to give the defendant the opportunity to accept the first alternative or to withdraw his plea in connection with the later indictment and have that case returned to Justice DiMango. It would not have been permissible for Justice Chun to vacate the defendant’s plea on the later indictment absent a request by the defendant to withdraw his plea of guilty. In no event, however, was Justice Chun required to impose a two-year determinate prison term and a period of PRS on the earlier indictment merely because Justice DiMango mistakenly believed that Justice Chun had promised to impose that sentence in the event the defendant violated the terms of his plea agreement on that indictment.
Accordingly, we agree with the defendant that he is entitled to resentencing on the two indictments. In the event that, at resentencing, the court determines that circumstances permitting the imposition of concurrent sentences exist, it must either fulfill Justice DiMango’s promise on the later indictment by imposing concurrent sentences, or, if it concludes that concurrent sentences would not be in the interest of justice (see Penal Law § 70.25 [2-b]), it must give the defendant the opportunity to withdraw his plea of guilty in connection with the later indict *884 ment or accept consecutive sentences. Similarly, in the event that the court determines that circumstances permitting the imposition of concurrent sentences do not exist, it must give the defendant the opportunity to withdraw his plea under the later indictment or accept consecutive sentences (see People v Cameron, 83 NY2d 838, 840 [1994]; cf. People v Figueroa, 82 AD3d 1006, 1007 [2011]). We reject the defendant’s contention that he is entitled to concurrent sentences even in the absence of compliance with Penal Law § 70.25 (2-b) (see People v Selikoff, 35 NY2d 227, 238 [1974], cert denied 419 US 1122 [1975]; People v Doleo, 110 AD2d at 525-526; People v Branch, 2 AD3d 872, 872 [2003]).
Eng, PJ., Dillon, Balkin and Sgroi, JJ., concur.